## SMITH v. SMITH.

1. The breach of an injunction regularly issued and served is a contempt of court; and in a proceeding against a party for such contempt the court will not look into the merits of the cause in which the injunction issued. Accordingly it was not error to exclude evidence tending to show that the order granting an injunction may have been erroneous.

2. The evidence was sufficient to show a violation of the court's order.

NOVEMBER 15, 1916.

Attachment for contempt. Before Judge Mathews. Bibb superior court. February 19, 1916.

*Feagin & Hancock,* for plaintiff in error.

EVANS, P. J. Eulalar D. Smith filed a petition against B. B. Smith, in which she prayed for a divorce and also that he be restrained from interfering with her in the peaceable occupancy and enjoyment of her house and home and furnishings and appurtenances. The court granted a temporary restraining order as prayed, which was served upon the defendant. Subsequently the wife filed a petition alleging that her husband had been duly served with a copy of the petition in the libel for divorce, together with a copy of the restraining order of the court, but that notwithstanding the restraining order he had returned to the home and had since remained in possession of the premises, and refused to vacate the same or allow her to obtain possession of her household goods and clothing, in disregard and contempt of the order of the court. She prayed that he be cited to appear to answer why he should not be adjudged in contempt. The defendant in his answer admitted service of the libel for divorce and the order of the court, and for answer set up, that he had never been married to the plaintiff; that the house in which they were living belonged to him; that he caused a deed to the same to be executed to her on a promise that she would marry him; and that he had filed a petition in the superior court of Bibb county to cancel this deed. Upon hearing the evidence the court adjudged the respondent to be in contempt of the restraining order, and suspended punishment provided he would immediately obey that order. Whereupon the respondent sued out a bill of exceptions.

1. On the hearing the respondent offered to prove that he and the plaintiff had entered into an agreement to marry, on the

strength of which he caused the title to their home to be put in her name, but that she had never performed her promise, and that he had a right to live in his own home, and therefore was not in contempt of court. The court properly rejected this evidence. The purpose of it was to show that the plaintiff obtained the title to the home by practicing a fraud upon the respondent in refusing to carry out the contract to marry; and that, although the legal title was in the plaintiff, the equitable title was in the respondent, and it could not be a contempt for him to enter upon his own property. There was no such issue in the contempt proceeding. The respondent could not question the order he was charged with refusing to obey, except to show it to be absolutely void. He could not be heard to say that it was merely erroneous, since a judgment of the court can not be collaterally attacked for mere irregularities. 6 R. C. L. 505. The merits of the divorce proceeding and of the contentions of the parties respecting the marriage and the title to the property were not in issue. The issue was whether the defendant had violated the injunction granted by the court. The breach of an injunction regularly issued is a contempt of court, and in a proceeding against a party for such contempt the court will not look into the merits of the case in which the injunction issued. People v. Spaulding, 2 Paige (N. Y.), 326 (2).

2. The evidence was sufficient to show a violation of the restraining order.        *Judgment affirmed. All the Justices concur.*